■ In the Matter of the Arbitration between SEALTEST FOODS DIVISION OF NATIONAL DAIRY PRODUCTS CORPORATION — ALBANY PLANT, Respondent, and MILK, ICE CREAM DRIVERS AND DAIRY EMPLOYEES LOCAL NO. 787, Affiliated with the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Appellant. In the Matter of the Arbitration between SEALTEST FOODS DIVISION OF NATIONAL DAIRY PRODUCTS CORPORATION — SCHENECTADY PLANT, Respondent, and MILK, ICE CREAM DRIVERS AND DAIRY EMPLOYEES LOCAL NO. 787, Affiliated with the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Appellant.— Appeals from orders directing arbitration pursuant to collective bargaining agreements (Civ. Prac Act, § 1450). The dispute is as to the commissions

to be paid employees upon sales of fruit salad, a new product which the employer introduced subsequent to the making of the contracts. The employer contends that sales from its Albany plant of this and of all of its products are covered by a sliding scale of commissions computed on a per quart basis as tabulated in its Albany plant contract and, with respect to Schenectady sales, by a provision for a fixed commission on "All Other Retail" products as set forth in its Schenectady plant contract; but the union asserts that sales of the new product were not contemplated by, nor provided for in the contracts; upon which premise the union postulates its contention that the relief awarded would wrongfully substitute compulsory arbitration for free collective bargaining in negotiation of a wage rate. To reach consideration of the union's contention, however, we would have to determine the validity of the asserted premise upon which it rests and this we are inhibited from doing by the stipulation, identical in each contract, providing, in pertinent part, that "Any and all disputes arising under or in connection with [the] contract * * * shall be submitted to an arbitrator * * * whose decision shall be final". "Once it be ascertained that the parties broadly agreed to arbitrate a dispute 'arising out of or in connection with' the agreement, it is for the arbitrators to decide what the agreement means and to enforce it according to the rules of law which they deem appropriate in the circumstances." (*Matter of Exercycle Corp. [Maratta]*, 9 N Y 2d 329, 334; *Matter of Lipman [Haeuser Shellac Co.]*, 289 N. Y. 76, 80.) To the same effect is *Matter of Borden Co. (Milk, Ice Cream Drivers & Dairy Employees Local No. 787)* (15 A D 2d 151); and it is interesting to note that the union which here resists arbitration, in that case, and under an identical arbitration clause, successfully invoked it to determine a claim for increased wages interposed upon the employer's adoption of new and time-consuming accounting procedures. Order in each case affirmed, with $10 costs. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.